UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FISERV, INC., | ) |
| Plaintiff, | ) Case No. 13-137 |
| vs. | ) |
| TERRENCE MONAHAN | ) (Case No. 12-CV-15455 pending |
| Defendant. | ) in the Eastern District of Missouri) |

**SUGGESTIONS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Third-Party Jack Henry and Associates, Inc. ("Jack Henry") seeks an order prohibiting Plaintiff Fiserv, Inc. ("Fiserv") from deposing Jack Henry's corporate representative on certain objectionable topics contained in a third-party subpoena.

**Background**

On December 13, 2012, Fiserv filed its Complaint against Terrance Monahan in the District Court for the Eastern District of Michigan, Case No. 12-CV-15455. Fiserv's Complaint alleges that Monahan violated certain post-employment obligations owed to Fiserv—his former employer. A copy of the Complaint is attached hereto as Exhibit A. Jack Henry is Monahan's current employer. It is not a party to the litigation.

On January 15, 2013, Fiserv served a subpoena issued by this Court[1] on counsel for Jack Henry commanding Jack Henry to produce a corporate representative to provide testimony on 20 topics. Fiserv also served a subpoena commanding Jack Henry to produce documents responsive to 20 broad document requests. *See* Subpoenas, attached as Exhibits B and C. Jack Henry and

---

[1] Jack Henry's principal place of business is located in Monett, Missouri, located in the Western District of Missouri.

Fiserv agreed to reschedule the deposition of Jack Henry's corporate representative to February 26, 2013. On January 18, 2013, counsel for Jack Henry served Jack Henry's objections to certain of the document requests and corresponding deposition topics contained in the subpoenas. A copy of that 1/18/13 Letter is attached hereto as Exhibit D. On January 25, 2013, counsel for Fiserv responded to Jack Henry's objections. A copy of that 1/25/13 Letter is attached hereto as Exhibit E. Counsel for Jack Henry responded on January 31, 2013, and agreed to produce additional information and documents in an effort to avoid unnecessary discovery disputes. A copy of that 1/31/13 Letter is attached hereto as Exhibit F. During a telephone call on February 6, 2013, counsel for Jack Henry informed Fiserv's counsel that Jack Henry continued to object to producing certain categories of documents and providing testimony on the deposition topics that corresponded to those same document requests. Counsel for Fiserv indicated in a letter dated February 8, 2013 that it would not agree to limit Jack Henry's depositions based on these objections. A copy of that 2/8/13 Letter is attached hereto as Exhibit G. Thus, there are certain limited discovery disputes between Jack Henry and Fiserv that require resolution by the Court, which are as follows.

    1.    **<u>Fiserv should be prohibited from deposing Jack Henry on Jack Henry's internal communications, discussions, and opinions related to agreements between Fiserv and Monahan.</u>**

Topics Nos. 1-3 attached to Fiserv's subpoena request testimony related to the following objectionable topics: (1) internal discussions and communications by and between Jack Henry employees regarding Monahan's employment agreements with Fiserv or any restrictions on employment under those agreements; and (2) all reasons Jack Henry claims or believes Monahan's agreements with Fiserv are unenforceable or do not apply to Monahan's duties at Jack Henry. *See* Ex. B, Topic Nos. 1-3. Jack Henry is not a party to Monahan's employment contracts with Fiserv, and is not a party to the lawsuit. Its internal discussions regarding the

agreements, the enforceability of those agreements, or the applicability of the agreements to certain job duties is therefore irrelevant to any claim or defense raised in the litigation, and beyond the scope of discovery. Moreover, these topics necessarily require testimony related to the mental conclusions, opinions and/or mental impressions of Jack Henry's attorneys regarding the scope and legal effect of the agreements, which are protected from discovery by the work product doctrine.

Accordingly, Jack Henry requests an order prohibiting Fiserv from inquiring into these topics.

2. **Fiserv should be prohibited from deposing Jack Henry on its internal communications regarding the lawsuit and Complaint.**

Topic No. 14 requests testimony related to any internal discussion or communication between Jack Henry employees relating to the litigation or Complaint. *See* Ex. B, Topic No. 14. Jack Henry's internal communications regarding a lawsuit to which it is not a party is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is therefore beyond the scope of discovery. Moreover, most of these communications involve Jack Henry's inside and/or outside counsel or contain the mental impressions and conclusions of counsel, and are therefore protected from discovery by the attorney-client privilege and work product doctrine.

Accordingly, Jack Henry requests an order prohibiting Fiserv from inquiring into this topic.

3. **Fiserv should be prohibited from deposing Jack Henry on whether it discussed or entered into an indemnification agreement with Monahan.**

Topic 6 requests testimony concerning any indemnification agreement or similar agreement between Monahan and Jack Henry that was either entered into or even considered. *See* Ex. B., Topic No. 6. Whether Jack Henry ever discussed or considered indemnifying

3

Monahan in this litigation against Fiserv is irrelevant to any claim or defense raised therein. Moreover, much of the information on this topic was generated by counsel and would be protected from discovery by the attorney-client privilege and work product doctrine.

Accordingly, Jack Henry requests an order prohibiting Fiserv from inquiring into this topic.

By: /s/ Tyson H. Ketchum
Tyson H. Ketchum        50426
Armstrong Teasdale LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: 816.221.3420
Fax: 816.221.0786
tketchum@armstrongteasdale.com

Attorney for Third-Party Jack Henry and Associates, Inc.

# CERTIFICATE OF SERVICE

   I hereby certify that on Ferbuary 12, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent electronic notification of the filing to all attorneys of record, including:

   The undersigned further certifies that a true and correct copy of the foregoing document was sent via first class mail, postage prepaid and via electronic mail, on February 12, 2013 to:

Charles B. Jellinek
Kimberly A. Mohr
Laura J. Spencer
One Metropolitan Square
211 North Broadway, Ste. 3600
St. Louis, MO 63102

Patrick F. Hickey
Lauren M. Phillips
400 Renaissance Center
Detroit, MI 48243

                    /s/ Tyson H. Ketchum